IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MECCA FA INVESTMENTS LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:25-CV-2029-G-BK |
| | § | |
| KEITHEAN-GREG JOHNSON, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On August 1, 2025, Defendant Keithean-Greg Johnson filed a *pro se* notice of removal along with a motion to proceed *in forma pauperis*. Doc. 3; Doc. 4. However, upon review of the relevant pleadings and applicable law, this action should be **REMANDED** *sua sponte* for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff Mecca FA Investments LLC ("Mecca") filed an eviction petition against Johnson in Justice of the Peace Court, Precinct 1-1, Dallas County, Texas, case number JPC-25-09430-11. Doc. 3 at 1. Online records (of which the Court takes judicial notice) confirm that a default judgment was entered in favor of Mecca on July 23, 2025, and Johnson's motions to vacate judgment and stay the writ of possession were denied on July 31, 2025.[1]

---

[1] The docket sheet is available on the Dallas County court website at https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0 (last accessed on Aug. 7, 2025).

The next day, Johnson filed his notice of removal citing 28 U.S.C. §§ 1441 and 1443. Doc. 3 at 1. Johnson seeks to stay the enforcement of the writ of possession. Doc. 3 at 1. He asserts (1) "[c]ivil rights violations under 42 U.S.C. §§ 1982, 1983, and related provisions," (2) "[d]iscrimination and lack of access to meaningful due process in the state court," and (3) "[d]enial of rights secured under federal trust protections and the Supremacy Clause." Doc. 3 at 1. Johnson's notice of removal and the many attachments are littered with jargon that appears to derive from the so-called "sovereign citizen movement." Doc. 3 at 1-40. He relies on his "private family trust status" and his "Special Appearances, Affidavit of Adverse Possession and Emergency Motions filed in state court." Doc. 3 at 1. He also signs as trustee and beneficiary of the "House-of-Johnson Foreign Private Family Trust." Doc. 3 at 1.

At the outset, Johnson's notice of removal is procedurally deficient. He includes a letter notifying the Clerk of the Justice of the Peace Court of the removal. Doc. 3 at 40. His notice of removal, however, does not include a copy of the original petition for eviction or the state court docket sheet, as required. Further, online county court records (of which this Court takes judicial notice) confirm that no notice of removal was filed in the Justice of the Peace Court, case number JPC-25-09430-11. That notwithstanding, review of the notice reveals that this Court lacks subject matter jurisdiction and thus this action should be remanded *sua sponte*.[2]

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583

---

[2] Because jurisdiction is lacking, the Court need address the deficiencies in Johnson's *pro se* notice of removal and motion to proceed *in forma pauperis*. As noted, the notice of removal does not comply with the requirements of 28 U.S.C. § 1446 for removal of a civil action and fails to provide the required documents set out in Local Civil Rule 81.1. Johnson's motions to proceed *in forma pauperis* is not adequate as it lists only zeros or "N/A."

(1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### A. Plaintiff Cannot Remove under 28 U.S.C. § 1441(a)

A defendant may remove a state court action if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. In addition, the removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (citation omitted). *See also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference" (citation omitted)).

The Court liberally construes the notice of removal with all possible deference due *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Johnson fails to point to anything in the *Petition for Eviction* that could be construed to support federal question or diversity jurisdiction. And his vague allegations of civil rights violations, discrimination, and denial of due process rights in the *Notice of Removal* are of no moment. Doc. 3 at 1.

To support removal under 28 U.S.C. § 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470, 473 (1998). And those allegations must be present at the time of removal. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." (cleaned up)).

As stated *supra*, Johnson notice of removal does not include a copy of the original petition for eviction or the state court docket sheet. Nor does the notice of removal allege facts from which the Court may infer that a federal claim was apparent in the original petition for eviction. Indeed, the Justice of the Peace docket sheet confirms the case was a residential eviction and so the petition likely involved only state court claims. Besides, the state action is now closed.

To the extent that Johnson asserts defenses based in federal law, they cannot by themselves support subject matter jurisdiction. "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction." (citation omitted).

Further, Johnson's scant pleadings do not allege subject-matter jurisdiction based on diversity.  28 U.S.C. § 1332.  He neither pleads the citizenship of all parties nor sufficient facts to support an amount in controversy in excess of $75,000.  In addition, the citizenship of an LLC is not determined by its principal place of business, but by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal District*, 82 F.4th 402, 408-09 (5th Cir. 2023) ("When LLCs are involved, the party invoking jurisdiction must 'specifically allege the citizenship of every member of every LLC . . . involved in [the] litigation.'" (citation omitted) (emphasis added)).  Johnson neither identifies the members of Mecca nor alleges facts that would establish their citizenship.  Without sufficient facts alleging the citizenship of all parties or the amount in controversy, the Court cannot exercise diversity jurisdiction.

In any event, removal is improper based on diversity because Johnson, as the defendant, is a Texas citizen who cannot remove the case under the forum-defendant rule.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

In sum, Johnson has failed in his burden to establish that this Court had jurisdiction over the eviction action at the time of removal.  Accordingly, removal under § 1441(a) is improper and this case should be remanded to state court.

**B.  The Removal Provisions of 28 U.S.C. § 1443 are Inapplicable**

To remove a case under 28 U.S.C. § 1443(1), a party must show that he has been denied or cannot enforce in state court a law providing for specific civil rights stated in terms of racial equality.  *Williams v. Nichols*, 464 F.2d 563, 564 (5th Cir. 1972) (citations omitted).  Johnson

plainly fails to meet his burden here as he does not allege a violation of a federal law pertaining to racial equality.  He alleges only the denial of broad constitutional guarantees applicable to all citizens under 42 U.S.C. § 1983—such as unspecified "civil rights violations," an ambiguous "discrimination," and the alleged "lack of access to meaningful due process in the state court." Doc. 3 at 1; *see Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983) ("[B]road first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983.").  While Johnson also cites 42 U.S.C. § 1982, he mentions neither his race nor any assertion of race-based discrimination in his notice of removal or the enclosed exhibits.  Doc. 3.  Thus, removal under § 1443(1) is improper.

Removal under 28 U.S.C. § 1443(2) is also improper.  Johnson is not in the group of officials who can remove under § 1443(2).  He does not allege that he is a federal officer or agent, or that he is authorized to act with or for such a person.  *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966); *Florida-Vanderbilt Dev. Corp. v. Matthews*, 454 F.2d 194, 195 (5th Cir. 1972).  Thus, the removal privilege created by this subsection does not apply to Johnson.

### III. CONCLUSION

For all these reasons, this action should be **REMANDED** *sua sponte* for lack of jurisdiction to the Justice of the Peace Court, Precinct 1-1, Dallas County, Texas, case number JPC-25-09430-11.

**SO RECOMMENDED** on  August 8, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).